UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO GENAO,

Plaintiff,

-against-

EPISCOPAL ACTORS' GUILD OF AMERICA, INC.; THE STATE OF NEW YORK,

Defendants.

26-CV-7420 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting claims against the State of New York and the Episcopal Actors' Guild of America, Inc. Plaintiff relies on 18 U.S.C. § 878, "color of rights violation," "color of title," and 42 U.S.C. § 1988 as the basis for his claims. (ECF 1 at 2, 5.) By Order dated September 1, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 4.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff invokes the Court's federal question jurisdiction. (ECF 1 at 2.) In response to a question on the court's form complaint about the factual basis for his claims, Plaintiff states:

> [A]ggravated harassment, bias motivation attacks, for intimidation, gender bias, disability, religious bias, crimes against persons/property, stemming directly from data statistics website , as well article 5 for defamation an libel and more, after filing dozens of complaints to agencies and municipalities for all transgressions that is still on going against all respondents, individuals involved, Manhattan and

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

> city of new york and the precincts and landlords involved. as well as COMPENSATORY DAMAGES, LOSS OF CONSORTIUM TO COMPENSATE FOR ALL BODILY HARM, EMOTIONAL HARM, PAIN AND SUFFERING, LOSS OF INCOME, LOSS OF ENJOYMENT OF LIFE, BASED OFF THE DATA STATISTICS WEBSITE, STANDS FOR Consequences the injury could impose in the future,
>
> The nature of the activity the victim has lost IN THE FUTURE. The nature of the activity the victim has lost. The severity of the injuries the victim has suffered, The victim's education and work experience, The victim's appearance, The age of the victim, and The location where they live. PROPERTY DAMAGE, AND OTHER INJURIES INFLICTED BY DEFENDANTS, 42 USC § 1988.
>
> WE ARE SENDING SUPPORTING DOCU TO THIS INDEX NUMBER, AGAINST THE DEFENDANTS IN THIS CASE THAT HAS BEEN ON GOING SINCE OR BEFORE 2009-10, FOR ALL TRANSGRESSIONS CLARIFIED VIA SUPPORTING DOCUMENTS, THAT RESULTED IN INREPRENSHIBLE DAMAGE THROUGHOUT THE YEARS, WITH NO ANTIDOTE OR REMEDY FOR RELIEF AGAINST THESE INDIVIDUALS AND ORGANISATIONS, AN RELIGIOUS INSTITUTIONS LIKE MARBLE CHURCH AND LITTLECHURCH.ORG FOR aggravated harassment, bias motivation attacks, for intimidation, gender bias, disability, religious bias, crimes against persons/property, stemming directly from data statistics website, as well Article 5 for defamation an libel, blasphemous and more, after filing dozens of complaints to agencies and municipalities for all transgressions that is still on going against all respondents, individuals involved.

(*Id.* at 5.)

Plaintiff seeks unspecified damages.[2]

## DISCUSSION

### A. Prosecution of Criminal Charges

Plaintiff seeks to enforce 18 U.S.C. § 878, a federal criminal statute that protects foreign

[2] Plaintiff has filed three prior actions against the City of New York asserting claims "for all transgressions for a financial crime network complaint that goes back more than a decade." *Genao v. City of New York*, No. 23-CV-11186 (LTS) (S.D.N.Y. Feb. 29, 2024) (ECF 1 at 5); *see also Genao v. City of New York*, No. 22-CV-10472 (LTS) (S.D.N.Y. Feb. 3, 2023); *Genao v. City of New York*, No. 22-CV-5676 (LTS) (S.D.N.Y. Aug. 18, 2022). All three actions were dismissed without prejudice for Plaintiff's failure to comply with filing fee requirements.

government leaders, diplomats, and official visitors from threats of violence, harm, or extortion. Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Moreover, private claims under federal criminal statutes are not cognizable. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (explaining that claims under "federal criminal statutes, such as 18 U.S.C. §§ 241–242 . . . are not cognizable, as federal criminal statutes do not provide private causes of action."). Accordingly, the Court dismisses Plaintiff's claim under 18 U.S.C. § 878 for lack of standing and as frivolous. *See* 28 U.S.C § 1915(e)(2)(B)(i).

**B. Civil Rights Claims under 42 U.S.C. § 1983**

Plaintiff states that he brings claims "after filing dozens of complaints to agencies and municipalities for all transgressions," which have been "ongoing since or before 2009-10." (ECF 1 at 4.) He relies on 42 U.S.C. § 1988, which authorizes courts to award reasonable attorney's fees to prevailing parties in specific civil rights actions. Section 1988 does not provide any standalone substantive right that can be the basis for Plaintiff's claims, and the Court therefore liberally construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 for violations of his rights under federal law.

**1. State of New York**

Plaintiff's claims against the State of New York cannot proceed in federal court. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Eleventh

Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**2. Claims Against the Episcopal Actors' Guild of America, Inc.**

Plaintiff names the Episcopal Actors' Guild of America, Inc. as a defendant in the caption of the complaint, but he does not mention this defendant in the body of the complaint. It is therefore unclear what this entity allegedly did or failed to do that violated Plaintiff's rights. Plaintiff's allegations do not provide a short and plain statement putting a defendant on notice of the claim against them, and the allegations are therefore insufficient to comply with Rule 8. *See, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (the "central purpose of a complaint is to provide the defendant with notice of the claims asserted against" the defendant).

Moreover, insofar as Plaintiff asserts claims under Section 1983, he must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A Section 1983 claim must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Episcopal Actors' Guild of America, Inc. is a private party. Given that there are no allegations about any action or inaction by the Episcopal Actors' Guild of America, Inc., Plaintiff has not pleaded facts showing that the guild was engaged in a function that would render it a state actor. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (setting forth tests for determining when the actions of a private entity can be considered state action). For all of these reasons, Plaintiff's claims against Defendant Episcopal Actors' Guild of America, Inc. must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Leave to Amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). A court has inherent power to dismiss without leave to amend or replead, however, "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Here, the allegations of the complaint refer to matters arising nearly 20 years ago that appear to be wholly unrelated to the named defendants, who are not among those referenced in the body of the complaint. Moreover, the allegations refer to "all transgressions" since 2009, and therefore seem to include myriad unrelated claims that are not properly joined in a single lawsuit.

*See* Fed. R. Civ. P. 20. The Court therefore declines to grant Plaintiff leave to amend to replead these claims as it appears that it would be futile to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge